G. A. KILE, WHO SUES, *etc. v.* L. J. FORMAN

(CC 471)

Submitted January 24, 1933. Decided February 7, 1933.

*H. G. Shores,* for plaintiff.
*Emory Tyler,* and *Bryan Mitchell,* for defendant.

314

WOODS, JUDGE:

The grantor in a certain deed of trust, purporting to act on behalf of himself and the beneficiaries thereunder, seeks, according to the averments in his amended declaration, to hold the trustee for the loss occasioned by the destruction by fire of certain buildings on the property, on the theory that the trustee breached his duty by not keeping the property insured. The circuit court of Grant county overruled a demurrer thereto, and certified his ruling.

After the property covered by the deed of trust had been advertised for sale, the grantor filed a bill in chancery, the object of which was to purge the secured debt of usury. In accordance with the prayer of the bill, a preliminary injunction was awarded on March 23, 1928, restraining the sale pending the chancery proceeding. The cause was finally disposed of on April 7, 1931. On July 13, 1929, the chancellor directed the following order to be entered: "It being suggested to the Court that the principal value of the real estate involved in this cause consists of the buildings thereon and that the same are not insured against loss by fire, it is ordered that L. J. Forman, trustee, shall cause said buildings to be insured against loss by fire in the sum of $3,500.00, the premium therefor to be taxed and paid as part of the costs of this suit." L. J. Forman did procure insurance for one year. On July 21, 1930, one day after the insurance had expired, the buildings burned. After the final decree of April 7, 1931, and before the term ended, an amended and supplemental bill was filed, setting up the present claim against the trustee. This matter was later transferred, of the court's own motion, to the law side of the court. The amended declaration, in addition to the foregoing, avers, among other things, that the conveyance was in trust to secure the payment of certain alleged indebtedness mentioned and described in a deed of trust made to secure same; that the order of July 13, 1929, was entered at the instance of L. J. Forman; that L. J. Forman, as trustee, held the legal title to the property; that it was the duty of Forman, trustee, to keep the property insured; that Forman failed so to do, and by reason of such neglect, the property was not insured against loss by fire; that after the entry of the order of July 13, 1929, plaintiff

was advised insurance was carried and therefore presumed, and had a right to believe and did believe that Forman acting under such order, was keeping same in force; and that he did not know otherwise until after the fire.

Does the declaration make a case against the trustee? A trustee can only do with trust-property what the deed either in express terms or by necessary implication authorizes him to do. *Fidelity Ins., etc., Co.* v. *Shenandoah Val. R. Co.*, 32 W. Va. 244, 9 S. E. 180; *Atkinson* v. *Beckett,* 34 W. Va. 584, 12 S. E. 717; *Miller* v. *Mitchell,* 58 W. Va. 431, 52 S. E. 478. And, it must naturally follow that a trustee having elected to act under a trust will not be required to assume burdens outside the natural requirements of such trust. It is apparent from the pleading that the trustee in this case was invested with the legal title merely for the purpose of making sale of the property, upon a proper request of the beneficiaries under the trust deed. There is no averment in the declaration to the effect that he had funds in his hands as such trustee to pay the insurance premium. And in the absence of a negative averment, we must assume from the other allegations of the declaration that the grantor remained in control of the property and received all the rents and profits arising therefrom pending the final determination of the original chancery cause. Under such circumstances the chancellor had no right to enter the order directing Forman, as trustee, to insure the property, and tax the premium as a part of the costs of the suit. The effect of the order was to require the trustee to advance money out of his own pocket, or to secure a credit from a third party. The fact that Forman may have actually complied with the mandate of the court by having the property insured for a one-year period, is no reason that he would, or should, continue so to do. In business dealings of this character, the beneficiaries usually require a provision to be inserted in the deed of trust requiring the grantor to protect the property by insurance. The fact that such a provision may or may not appear in the deed of trust should place no additional obligation on the trustee in this case. The fact that he had advertised the property for sale, thereby expressing his willingness to act as trustee, does not indicate that he thereby

316

agreed to assume such obligations as the court attempted to place upon him.

The plaintiff has failed to make out a case. We therefore reverse the ruling of the circuit court, and sustain the demurrer to the declaration.

*Ruling reversed; demurrer sustained.*